UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER MILLER,                    Case No. 1:21-cv-200
          Plaintiff,

                                       Barrett, J.
      vs.                              Litkovitz, M.J.

TYLER PARISH, *et al.*,                **ORDER AND REPORT**
          Defendants.                  **AND RECOMMENDATION**


      Plaintiff, a prisoner at the Ohio State Penitentiary, has filed a pro se civil rights complaint

in this Court against defendants Tyler Parish and Anthony Tackett. By separate Order, plaintiff

has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua*

*sponte* review of the complaint to determine whether the complaint or any portion of it, should

be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison

Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490

U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in

reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)

(quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S.

2

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on November 20, 2019, at the Southern Ohio Correctional Facility (SOCF), defendants Tackett and Parish used excessive force against him. (Doc. 3 at PageID 22, 24). Specifically, plaintiff claims that Tackett hurled racial slurs at him before spraying with him in the face, groin, chest, and back with 143 grams of O.C. spray. Plaintiff claims that he was secure in his cell before the incident, that Tackett laughed after spraying him, and that plaintiff was denied medical treatment. According to plaintiff, several minutes later Parish sprayed him again with 63 grams of OC spray in his eyes and mouth. As a result of these incidents, plaintiff alleges that he could not see for at least five days and had severe burning in his groin area for two weeks.

Plaintiff seeks declaratory relief, as well as monetary damages. (*Id.* at PageID 30-31).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Parish and Tackett in their individual capacities. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

The complaint should be dismissed as to all defendants in their official capacities to the extent that plaintiff seeks money damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*,

506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).  The State of Ohio has not

constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.

*See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline

Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).  The Eleventh Amendment bar extends to

actions where the state is not a named party, but where the action is essentially one for the

recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of

Treasury*, 323 U.S. 459, 464 (1945).  A suit against defendants in their official capacities would,

in reality, be a way of pleading the action against the entity of which defendants are agents.

*Monell*, 436 U.S. at 690.  Thus, actions against state officials in their official capacities are

included in this bar.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer

v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)

(citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit

against a state official is deemed to be a suit against the state and is thus barred by the Eleventh

Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, defendants are

immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

To the extent that plaintiff may seek to hold defendants liable for the use of threats, racial

slurs, or other insults he has failed to state a viable claim under § 1983, which requires a showing

of a deprivation of "a right secured by the United States Constitution or a federal statute."  *See

Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).  Plaintiff claims that defendant Tackett

discriminated against him by "hurling racial insults at me in violation of my 1st Amendment

[rights]."  (Doc. 3 at PageID 28).  However, it is well-settled that "[v]erbal harassment or idle

threats by a state actor do not create a constitutional violation and are insufficient to support a

section 1983 claim for relief."  *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th

4

Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also*

*Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth

and Tenth Circuit cases cited therein).  Additionally, while prison officials should not use

degrading or racist language when interacting with inmates, the use of such language does not

rise to the level of a constitutional violation.  *See Hursey v. Anderson*, No. 16-1146, 2017 WL

3528206, at *4 (6th Cir. Mar. 31, 2017).  A prison official's use of racial slurs, "although

unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is

insufficient to support a constitutional claim for relief.  *Jones Bey v. Johnson*, 248 F. App'x 675,

677-78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see*

*also Ivey*, 832 F.2d at 954.  *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir.

2004).

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force

claims against defendants Tackett and Parish in their individual capacities.  Having found that

plaintiff's remaining claims fail to state a claim upon which relief may be granted, these claims

should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment excessive force claims

against defendants Tackett and Parish in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order

granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation

upon defendants Tackett and Parish as directed by plaintiff, with costs of service to be advanced by the United States.

     2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

     3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:   4/28/2021

Karen L. Litkovitz
United States Magistrate Judge

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER MILLER,                          Case No. 1:21-cv-200
     Plaintiff,

                                   Barrett, J.
     vs.                                    Litkovitz, M.J.

TYLER PARISH, *et al.*,
     Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).