UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER MILLER,
    Plaintiff,

vs.

TYLER PARISH, *et al*.,
    Defendants.

Case No. 1:21-cv-200
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Toledo Correctional Institution (ToCI), brings this civil rights action under 42 U.S.C. § 1983 against Southern Ohio Correctional Facility (SOCF) defendants Anthony Tackett and Tyler Parish alleging a claim of an excessive use force. This matter is before the Court on plaintiff's motion to be transferred back to the Ohio State Penitentiary and/or for a temporary restraining order (Doc. 20) and defendants' response in opposition (Doc. 22). As plaintiff has not filed a reply memorandum within the fourteen-day deadline, this matter is now ripe for resolution.

Plaintiff moves the Court for a transfer to the Ohio State Penitentiary (where he was previously incarcerated) and a restraining order "on my defendants and all his C.O. conspirators." (Doc. 20 at PAGEID 99). Plaintiff claims he is "having a major issue at ToCI with administration and C.O.s using their position to retaliate, exploit and intimidate me into dropping my suit." (*Id*. at PAGEID 98). He alleges that "officers" are leaking information about his lawsuit to other inmates; calling him a snitch and other names; abusing him "mentally" and "physically"; and denying him access to a phone and to the law library. (*Id.*). He further alleges he has been "sprayed multiple times" and left to sit in his cell without medical care or decontamination. (*Id.*).

In opposition to plaintiff's motion, defendants argue that none of the actions about which plaintiff complains were taken by the SOCF defendants in this case. Defendants also contend the retaliatory conduct plaintiff alleges concerns non-parties to this action, and the Court lacks personal jurisdiction over these individuals to issue injunctive relief. (Doc. 22).

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Plaintiff is not entitled to a preliminary injunction in this matter. "The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Thus, "a party moving for a

preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010) (*quoting Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin,* 605 F.3d at 300 (quoting *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997)). A court may not grant a temporary restraining order/preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985).

In addition, when a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

3

Plaintiff has not alleged facts or presented any evidence sufficient to warrant a temporary restraining order or a preliminary injunction in this case.  Plaintiff has made no attempt to apply the above factors to his situation.  Plaintiff has not established a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction.  In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served.  The present status quo in this case is, according to plaintiff, that he has suffered violations of his constitutional rights at the hands of SOCF corrections officers.  Although plaintiff alleges he is now being abused and retaliated against by ToCI officials, these conclusory allegations of harassment are unrelated to the claims in this case and are insufficient to warrant an injunction.  The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies allegedly being committed by ToCI officials, who work at a separate correctional institution.  Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief.  *See id*.

Finally, the ToCI administration and officers about whom plaintiff complains are not parties to this case.  The Court does not have jurisdiction to enjoin a non-party to an action and cannot order the relief plaintiff seeks. *See Rutherford v. Warden, S. Ohio Corr. Facility*, No. 1:15-cv-164, 2017 WL 2495202, at *1 (S.D. Ohio June 9, 2017), *report and recommendation adopted*, No. 1:15-cv-164, Doc. 115 (S.D. Ohio June 27, 2017).  *See also Zenith Radio Corp. v.*

*Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.") (internal citation omitted).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to be transferred back to the Ohio State Penitentiary and/or for a temporary restraining order (Doc. 20) be **DENIED**.

Date: 1/20/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER MILLER,
    Plaintiff,

vs.

TYLER PARISH, *et al*.,
    Defendants

Case No. 1:21-cv-200
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).