IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CHRISTOPHER MILLER, | : | Case No. 1:21-cv-200 |
| | : | |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| TYLER PARISH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DECISION AND ORDER

Plaintiff Christopher Miller, an inmate in state custody who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983 against Defendants Tyler Parish and Anthony Tackett. By separate order, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. After initial screening of the Complaint, the Court allowed Plaintiff's Eighth Amendment excessive force claims against Defendants Tackett and Parish in their individual capacities to proceed.

This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 38), Motions to Appoint Counsel (Doc. 27, 32, 41 & 45) and Motions to Compel Discovery (Doc. 25, 34 & 42).

### A.    Plaintiff's Motion to Amend Complaint Is Granted

Plaintiff requests leave of Court to amend his Complaint to increase the amount of damages requested in the prayer for relief from $100,000 to $2,000,000. (Motion to Amend, Doc. 38.) Defendants oppose the Motion to Amend, arguing that Plaintiff should

1

not be permitted to add new claims of misconduct. (Doc. 39.) Although Defendants construe the Motion to Amend as seeking a more expansive amendment of Plaintiff's claims, the Court construes it as solely requesting an amendment of his prayer for relief.

Federal Rule of Civil Procedure 15(a) governs a plaintiff's ability to amend the complaint. The granting or denial of a motion to amend pursuant to Rule 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted, *Foman v. Davis*, 371 U.S. 178 (1962), and this Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Under the liberal standard for amendment set forth in Rule 15(a), the Court finds that Plaintiff's Motion to Amend should be granted. The requested amendment—to increase the amount of damages prayed for in the Complaint—will not unduly prejudice Defendants. Pursuant to Rule 54(c), a jury is permitted to award Plaintiff a higher amount of damages than is requested in the Complaint. Fed. R. Civ. P. 54(c) (except for default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Since the amount demanded in the original prayer for relief does not prevent Plaintiff from

recovering a higher amount of damages at trial, Defendants will not be prejudiced by the amendment. Therefore, Plaintiff's Motion to Amend (Doc. 38) is GRANTED. Plaintiff's corresponding Motion for Continuance (Doc. 38) is DENIED AS MOOT.

### B. Plaintiff's Motions To Appoint Counsel Are Denied

Plaintiff has filed several Motions to Appoint Counsel (Doc. 27, 32, 41 & 45). For the reasons set forth below, Plaintiff's Motions to Appoint Counsel are DENIED without prejudice to renewal if Plaintiff's claims survive summary judgment.

Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. This rule exists, in part, because Congress has not provided funds to compensate lawyers who agree to represent prisoners who file civil rights cases, and few lawyers are willing and able to absorb the costs of representing such plaintiffs on a voluntary basis.

The Court has evaluated whether exceptional circumstances exist in this case and has determined that the appointment of counsel is not warranted at this juncture. Plaintiff's claims are relatively straightforward, and no more complex than thousands of similar claims filed each year by *pro se* prisoners in the federal courts. Notwithstanding his poverty and incarceration, Plaintiff has adequately articulated his claims. At this juncture, this case does not present the type of exceptional circumstances that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado*, 992 F.2d at 605-06. However, because the Court makes every effort to appoint counsel in those cases

that proceed to trial, the Court will deny Plaintiffs' Motions to Appoint Counsel without

prejudice to refiling if Plaintiff's claims survive summary judgment.

Accordingly, Plaintiff's Motions to Appoint Counsel (Doc. 27, 32, 41 & 45) are

DENIED without prejudice to renewal.

### C.     Plaintiff's Motions To Compel Are Denied

Plaintiff has filed several Motions to Compel (Doc. 25, 34 & 42). For the reasons

set forth below, Plaintiff's Motions to Compel are DENIED.

Defendants argue that Plaintiff filed his first Motion to Compel (Doc. 25) before

their deadline for responding to Plaintiff's discovery requests had passed. (Doc. 30.)

Defendants represent that they responded fully to Plaintiff's discovery requests and that

the dispute is now moot. (*Id*.) Plaintiff did not file a reply brief, or any other document

stating his disagreement with Defendants' representation. To the contrary, in his Motion

to Appoint Counsel, Plaintiff stated that "[a]fter reviewing my discovery I feel I have a

great chance of winning this case, especially with audio and video of misconduct." (Doc.

32.) Therefore, Plaintiffs' first Motion to Compel (Doc. 25) is DENIED.

Plaintiff's second and third Motions to Compel (Doc. 34 & 42) seek a court order

requiring Defendants to produce footage from "the J2 wall camera facing the stripout

case." Defendants have represented that no such video evidence exists. (Doc. 36 & 44.)

Defendants' counsel explains that he contacted representatives of the Southern Ohio

Correctional Facility ("SOCF") and was told that this video evidence "was not preserved

by SOCF and it does not exist." (Doc. 36, PageID 147.) Since there is nothing to compel,

Plaintiff's second and third Motions to Compel (Doc. 34 & 42) are DENIED.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Amend (Doc. 38) is GRANTED. Plaintiff's corresponding Motion for Continuance (Doc. 38) is DENIED AS MOOT.

2. Plaintiff's Motions to Appoint Counsel (Doc. 27, 32, 41 & 45) are DENIED without prejudice to renewal.

3. Plaintiff's Motions to Compel (Doc. 25, 34 & 42) are DENIED.


Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.


 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge