**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| CHRISTOPHER MILLER, | : | Case No. 1:21-cv-00200 |
| | : | |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| TYLER PARISH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## REPORT AND RECOMMENDATION

---

Plaintiff Miller is an Ohio inmate proceeding *in forma pauperis* and without the

assistance of counsel. Plaintiff claims that Defendants, who are are employed as prison

guards by the Ohio Department of Rehabilitation and Corrections, used excessive force

against him in violation of the Eighth Amendment to the United States Constitution.

Among other things, Plaintiff claims that one of the Defendants "deployed an excessive

amount of O.C. spray [oleoresin capsicum, i.e., "pepper spray"] to [his] face and groin

area, [and his] chest and back area", as a result of which "[his] respiratory [tract] shut

down, [he] could not see for at least five days, and [he] had severe burning in [his] groin

area for two weeks straight." (Complaint, ECF No. 3, PageID 22–24 (cleaned up).)

Plaintiff seeks declaratory relief and monetary damages. (*Id*. at PageID 30.)

Defendants filed a Motion for Summary Judgment. ("Motion," ECF No. 48.)

Plaintiff did not file a response in opposition to the Motion. For the reasons set forth

below, the undersigned Magistrate Judge recommends that the Court grant the Motion.

1

## I.  LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure permits parties to move for summary judgment on the claims or defenses in an action. Fed. R. Civ. P. 56(a). The Court "***shall*** grant summary judgment if the movant shows that there is no ***genuine dispute*** as to any ***material fact*** and the movant is entitled to judgment as a matter of law." *Id*. (emphasis added). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Id*. When ruling on a motion for summary judgment, the Court is required to draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of showing the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden of production, the non-moving party cannot rest on its pleadings, but instead must point to evidence that is sufficient to create a genuine issue of material fact on each element of its claims or defenses. *Anderson*, 477 U.S. at 248-50; *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993). The non-moving party's burden to point to such evidence "is really an opportunity to assist the court in understanding the facts." *Guarino*, 980 F.2d at 405. When the non-moving party fails to offer such assistance, "its opportunity [to do so] is waived." *Id*. at 405.

When a party asserts that a fact either cannot be disputed or, conversely, is genuinely disputed, it must support its assertion with citations to evidentiary materials

2

(e.g., depositions, documents, affidavits, declarations, stipulations, admissions or interrogatory answers). Fed. R. Civ. P. 56(c)(1)(A). The Court may only consider *admissible* evidence. Fed. R. Civ. P. 56(c)(2) & (4). For example, the Court may "rely on affidavits, discovery, and disclosure materials" but may not rely on a party's unsworn statements. *Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 847 (6th Cir. 2010). "Unsubstantiated, self-serving assertions" are likewise insufficient. *Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 573 (6th Cir. 2018). Notably, a plaintiff's *pro se* status does not exempt him from his burden to respond with admissible evidence. *Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010).

Although the Court is only required to consider the materials cited by the parties, it may also consider other evidentiary materials in the record. Fed. R. Civ. P. 56(c)(3). But the Court "has no duty when deciding a motion for summary judgment to scour the record for evidence that supports a plaintiff's claims." *Abdulsalaam v. Franklin Cty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 576 (S.D. Ohio 2009). Likewise, when a motion for summary judgment is unopposed, the trial court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

In this case, with respect to Plaintiff's Eighth Amendment claims for excessive force,[1] Defendants support their Motion for Summary Judgment with three exhibits. (ECF No. 48-1–48-3.) Each exhibit is authenticated as a business record by Cynthia

---

[1] Defendants' Motion for Summary Judgment also addresses several claims that this Court previously dismissed. (*See* Order Adopting Report and Recommendation, ECF No. 11.) The Court will disregard those arguments as moot.

Davis, Deputy Warden of Operations at the Southern Ohio Correctional Facility (SOCF). (ECF No. 48-4.) The Court finds that Defendants have met their burden of production.

Plaintiff has not opposed Defendants' Motion. The Court may therefore consider Defendants' evidence to be undisputed for purposes of ruling on the Motion. Fed. R. Civ. P. 56(e); *Guarino*, 980 F.2d at 404-05 n.6 (collecting cases supporting the proposition that "with nothing offered in the record to rebut the evidence offered by defendants, no issue of contested fact exists"). Accordingly, the only issue before the Court is whether Defendants are entitled to judgment as a matter of law based upon the undisputed facts.

## II.    FACTS

The following facts are undisputed for purposes of ruling on the Motion. On November 20, 2019, Plaintiff was intoxicated and "creating a disturbance" in the K4 unit of SOCF. (ECF No. 48-1, PageID 196.) After Plaintiff refused to comply with an order to desist and "cuff up,"[2] Defendant Tackett sprayed OC into Plaintiff's cell. (ECF No. 48, PageID 183 (citing to Defendants' Exhibit C).) Plaintiff remained combative and goaded SOCF staff to "go get the team" because he was "ready to fight." (*Id*. (citing to Defendants' Exhibit A, ECF No. 48-1, PageID 202).) SOCF staff complied, assembling a Special Response Team (SRT) for purposes of forcibly removing Defendant from his cell. (*Id*. (citing to Defendants' Exhibit A, ECF No. 48-1, PageID 202).) Following further exchanges with SOCF staff, Plaintiff agreed to cuff up and consented to being escorted to another housing unit. (*Id*. (citing to Defendant's Exhibit B).)

---

[2] The phrase "cuff up" means "to present to the cell front, face away from correction officers, [and] allo[w] them to cuff Plaintiff with his hands behind his back through the cell bars." (ECF No. 48, PageID 183.)

Pursuant to standard SOCF procedure (ECF No. 48, PageID 184 (citing to Defendants' Exhibit D, ECF No. 48-4, PageID 233), SOCF staff escorted Plaintiff to a "strip cage" to be searched for contraband and issued new clothing. (*Id*.) Once inside the strip cage, Plaintiff once again became belligerent and combative. (*Id*.) SOCF staff explicitly warned Plaintiff that his continued refusal to comply would result in further deployment of OC spray. (*Id*.) Plaintiff replied, "I don't give a fuck. Do it!" (*Id*. (citing to Defendants' Exhibit B).) Defendant Parish then administered OC spray. (*Id*.)

Following his second exposure to OC spray, Plaintiff verbally denied injury. (*Id*. (citing to Defendants' Exhibit B).) A registered nurse examined Plaintiff, characterized his condition as an "alteration in comfort," and released him to restrictive housing with advice on decontamination. (Defendants' Exhibit A, ECF No. 48-1, PageID 217-18.)

## III.    LAW AND ANALYSIS

An Eighth Amendment claim asserting the unlawful use of excessive force comprises a subjective component and an objective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). The subjective component asks whether a prison official's use of force was a good-faith effort to maintain or restore discipline, or a malicious attempt to cause harm. *Id*. The objective component requires the consideration of "contemporary standards of decency" to distinguish "*de minimis* use of physical force" from "the use of force . . . of a sort repugnant to the conscience of mankind," *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (internal citations omitted). If a court's consideration of the objective component is dispositive, there is no need to consider the subjective

component. *Hernandez v. Simmons*, No. 19-5344, 2020 U.S. App. LEXIS 29233, at *9 (6th Cir. Sept. 14, 2020).

Plaintiff bases his Eighth Amendment claim upon Defendants' use of OC spray. However, it is undisputed that the spray caused a mere "alteration in comfort" resulting from "eye and skin irritation." (Defendants' Exhibit A, ECF No. 48-1, PageID 217–18.) Although Plaintiff alleged that exposure to the OC spray injured his respiratory tract, vision and groin area (Complaint, ECF No. 3, PageID 22-24), he provided no admissible evidence to support his allegations. Absent such evidence, Plaintiff's unsworn allegations cannot and do not create a genuine issue of material fact as to whether he suffered an injury "other than . . . *de minimis* and temporary discomfort." *Jeter v. Ohio Dep't of Rehab & Corr.*, No. 1:17-CV-00756, 2019 WL 5066851, at *22 (S.D. Ohio) (Bowman, M.J.) (awarding summary judgment where plaintiff failed to establish objective component of Eighth Amendment claim). *See Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993) (non-moving party may not simply rely upon its pleadings).

It is well-established that the use of chemical spray to subdue an inmate is not a *per se* violation of the Eighth Amendment. *Hernandez*, 2020 U.S. App. LEXIS 29233, at *9. It is also well-established that discomfort of the kind suffered by Plaintiff simply does not rise to the level of objective repugnance necessary to support an Eighth Amendment excessive-force claim. *See, e.g.*, *Bullocks v. Hale*, No. 1:18-CV-00288, 2019 WL 2233095, at *8-9 (S.D. Ohio May 23, 2019) (Bowman, M.J.) (collecting cases). Because Plaintiff has "failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial," Defendants are entitled to summary judgment

6

as a matter of law. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). The undersigned Magistrate Judge therefore **RECOMMENDS** that Defendants' Motion for Summary Judgment (ECF No. 48) be **GRANTED**.

**IT IS SO RECOMMENDED.**

                                  */s/ Caroline H. Gentry*
                                   Caroline H. Gentry
                                   United States Magistrate Judge

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).